IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PITSTICK FARMS, INC., et al.,** | : | |
| Plaintiffs, | : | Case No. 2:04-cv-997 |
| v. | : | Judge Holschuh |
| **SANDERS SALES AND SERVICE, INC., et al.,** | : | Magistrate Judge Kemp |
| | : | |
| Defendants. | | |
| | : | |

**MEMORANDUM & ORDER**

This matter is currently before the Court on two pending motions: (1) Defendant Case Credit Corporation's motion to remand the state law claims against the Sanders Defendants and to consolidate the remainder of this case with <u>Pitstick Farms, Inc., et al. v. CNH Capital Corp., et al.</u>, Case No. 2:04-cv-435, currently pending before Judge Sargus (Record at 6); and (2) Plaintiffs' motion to consolidate the two cases and to remand the consolidated case to state court (Record at 16).  For the reasons set forth below, these motions are granted in part.  The undersigned judge agrees that consolidation is proper, but defers to Judge Sargus for a ruling on the issue of whether remand, in whole or in part, is warranted.

**I.      Background and Procedural History**

Plaintiffs Neil and Michael Pitstick are farmers who operate Pitstick Farms, Inc. and Oakhill Farms, Inc.  Over the years, they have purchased many pieces of farming equipment from Defendant Sanders Sales and Service, Inc. ("Sanders").  In each instance, the parties would execute a retail installment sale contract and security agreement which were later assigned to Defendant Case Credit Corporation.

In January of 2004, Plaintiffs filed suit in the Madison County Court of Common Pleas against Sanders, its shareholders and officers (collectively the "Sanders Defendants"), alleging that defendants forged some of these contracts and overcharged Plaintiffs for certain equipment. In April of 2004, the court granted Plaintiffs' motion for leave to amend the Complaint to join CNH America LLC, CNH Capital Corporation, Case Credit Corporation and Case IH, Inc. (collectively, the "Case Defendants") as party defendants.

However, instead of amending the Complaint, Plaintiffs filed a separate action in the Madison County Court of Common Pleas against the Case Defendants, seeking a declaratory judgment that because of the fraud of the Sanders Defendants, Plaintiffs owed no money to the Case Defendants. The Case Defendants removed the case to federal court based on diversity of citizenship. That case, No. 2:04-cv-435, was assigned to Judge Sargus. Plaintiffs then moved to remand it to state court so that it could be consolidated with the original case against the Sanders Defendants. Plaintiffs claimed that the Sanders Defendants were indispensable parties whose joinder would destroy diversity jurisdiction. Magistrate Judge Abel issued a Report and Recommendation denying the motion to remand.[1]

Shortly after that Report and Recommendation was issued, Plaintiffs filed an Amended Complaint in the original state court action, adding the Case Defendants as party defendants. In the Amended Complaint, Plaintiffs also alleged that the Case Defendants violated the Fair Credit and Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.,* by failing "to take reasonable steps to avoid reporting inaccurate and/or incomplete information." (Amd. Compl. ¶ 59). The Case

---

[1] Judge Sargus later adopted this Report and Recommendation.

Defendants removed that suit to federal court on the basis of federal question jurisdiction; it was assigned to the undersigned judge as Case No. 2:04-cv-997.

After removing the case, the Case Defendants filed a motion asking the Court to: (1) remand the claims between Plaintiffs and the Sanders Defendants to state court; and (2) consolidate the remaining federal and state claims between Plaintiffs and the Case Defendants with Case No. 2:04-cv-435 before Judge Sargus. The Sanders Defendants have joined in this motion. They claim that they will be prejudiced if the claims against them are not remanded; much discovery has taken place and a motion for summary judgment was pending at the time the case was removed.

In response to the Case Defendants' motion, Plaintiffs filed their own motion asking the Court to: (1) consolidate this case with Case No. 2:04-cv-435; and (2) remand the entire consolidated action to state court. Plaintiffs claim that the Case Defendants improperly removed Case No. 2:04-cv-997. According to Plaintiffs, this Court lacks subject matter jurisdiction.

**II. Discussion**

    **A. Subject Matter Jurisdiction**

The threshold issue is whether this Court has subject matter jurisdiction over Case No. 2:04-cv-997. Defendants seeking removal have the burden of establishing federal subject matter jurisdiction. See Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 453-54 (6th Cir. 1996). Removal is proper only if this Court would have had original subject matter jurisdiction over the matter. See 28 U.S.C. § 1441(a). District courts have original subject matter jurisdiction over those cases "arising under the Constitution, laws, or treaties of the United States," and over those cases involving citizens of different states when the amount in controversy exceeds $75,000.

3

See 28 U.S.C. §§ 1331, 1332.

If this Court lacks subject matter jurisdiction, it would be required to remand the entire case to state court. It would be prohibited from consolidating the case, even in part, with Case No. 2:04-cv-435, pending before Judge Sargus. See Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Corp., 43 F. Supp. 2d 734, 745 (E.D. Tex. 1999)("there must be separate jurisdictional bases for each action prior to any consolidation. If not then the case lacking a separate jurisdictional bases must be remanded). Federal Rules of Civil Procedure provide:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). However, an action that has been improperly removed is not considered to be "pending before the court." See United States for Use of Owens-Corning Fiberglass Corp. v. Brandt Constr. Co., 826 F.2d 643, 647 (7th Cir. 1987). If one of the actions to be consolidated was improperly removed, then consolidation is not allowed. See Heck v. Board of Trustees, Kenyon College, 12 F. Supp. 2d 728, 747 (S.D. Ohio 1998).

Defendants removed this case from state court based on Count Six of Plaintiffs' Amended Complaint. It reads as follows:

COUNT SIX – VIOLATION OF THE FAIR CREDIT<br>REPORTING ACT

58. Plaintiffs hereby incorporate paragraphs 1 through 57 as if fully rewritten herein.

59. Defendants-Case violated The Fair Credit Reporting Act (FCRA) by its failure to take reasonable steps to avoid reporting inaccurate and/or incomplete information.

      60.    As a result, Plaintiffs suffered damages delineated in paragraph 57.

Amd. Compl. ¶¶ 58-60.[2] Defendants contend that because Count Six alleges the violation of a federal statute, the FCRA, this Court has subject matter jurisdiction and removal was, therefore, proper.

    Plaintiffs disagree. They argue that this case is governed by the Supreme Court's decision in Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804 (1986). In Merrell Dow, the Supreme Court held that the defendant had improperly removed plaintiff's negligence action. Although the negligence claim was based, in part, on an alleged violation of the Federal Food Drug and Cosmetic Act ("FDCA"), the FDCA does not create a private cause of action. The Court held that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws or treaties of the United States.'" Id. at 817 (quoting 28 U.S.C. § 1331).

    Plaintiffs claim that this case is analogous. They contend that even though the Amended Complaint alleges a violation of the FCRA, the alleged violation merely provides the "duty" element of a common law negligence claim. The Amended Complaint does not cite to any particular section of the FCRA. It merely claims that "Defendants-Case violated The Fair Credit Reporting Act (FCRA) by its failure to take reasonable steps to avoid reporting inaccurate and/or

---

[2] In Count Five of the Amended Complaint, Plaintiffs alleged that, despite being informed on numerous occasions that the sales contracts were fraudulently procured, Defendants-Case made repeated negative reports concerning Plaintiffs' credit to national credit reporting agencies. As a result, Plaintiffs' credit rating and business opportunities have suffered. (Amd. Compl. at ¶¶ 56-57).

incomplete information." (Amd. Compl. ¶ 59). According to Plaintiffs, these allegations do not give rise to a private cause of action under the FCRA.

Section 1681s-2 of Title 15 of the United State Code establishes duties of a furnisher of information under the FCRA. Subsection (a) prohibits a person from furnishing information to a consumer reporting agency if that person knows or has cause to believe that the information is inaccurate. See 15 U.S.C. § 1681s-2(a)(1)(A). Subsection (b) requires a furnisher of information, upon receiving notice from a consumer reporting agency that a consumer disputes the information provided, to conduct an investigation and remedy any mistakes that are found. See 15 U.S.C. § 1681s-2(b)(1).

The FCRA does not create a private cause of action for individuals injured by a violation of subsection (a). Enforcement of this provision is the exclusive province of the federal and state agencies identified in 15 U.S.C. § 1681s. See 15 U.S.C. § 1681s-2(d); Bank One v. Colley, 294 F. Supp. 2d 864, 870 (M.D. La. 2003)("courts have consistently held that, although § 1681s-2(a) creates an affirmative obligation to refrain from reporting inaccurate information," it may be enforced only by the designated governmental agencies and officials); Cisneros v. Trans Union, LLC, 293 F. Supp. 2d 1167, 1174 (D. Haw. 2003); Stafford v. Cross Country Bank, 262 F. Supp. 2d 776, 782-83 (W.D. Ky. 2003)(consumer cannot bring a private cause of action for alleged violations of § 1681s-2(a)).

The FCRA does create a private right of action for violations of 15 U.S.C. § 1681s-2(b). See Gordon v. Greenpoint Credit, 266 F. Supp. 2d 1007, 1010 (S.D. Iowa 2003); Cisneros, 293 F. Supp. 2d at 1174. However, because the Amended Complaint is devoid of any allegation that Plaintiffs notified a consumer reporting agency that the information Defendants-Case provided

was incomplete or inaccurate, subsection (b) is clearly inapplicable. See Downs v. Clayton Homes, Inc., Nos. 03-5259, 03-6055, 2004 WL 253363, at **2 (6th Cir. Feb. 9, 2004)(because consumers did not allege that they had notified a credit reporting agency of the dispute, they had no private right of action under the FCRA against the furnisher of information).

Citing Merrell Dow, Plaintiffs argue that because subsection (a), the only applicable subsection, does not provide for a private cause of action, the alleged violation of the FCRA is insufficient to confer subject matter jurisdiction. Merrell Dow, however, is clearly distinguishable. In that case, plaintiff alleged a violation of a federal statute as *part of its state law negligence claim*. In the instant case, however, Plaintiffs have set forth a violation of the FCRA as a *separate and independent cause of action*.

It may well be that, because the applicable section of the FCRA does not provide for a private cause of action, Plaintiffs have failed to state a claim upon which relief may be granted. However, this inquiry is distinguishable from the question of whether the Court has subject matter jurisdiction over the claim. See Carlson v. Principal Fin. Group, 320 F.3d 301, 304 (2d Cir. 2003)("the question of whether a federal statute supplies a basis for subject matter jurisdiction is separate from, and should be answered prior to, the question of whether the plaintiff can state a claim for relief under that statute"); Bush v. State Indus., Inc., 599 F.2d 780, 785 (6th Cir. 1979)("the fact that a complaint may not state claim upon which relief can be granted is of no relevance to the question of subject matter jurisdiction"); Cherokee Express, Inc. v. Cherokee Express, Inc., 924 F.2d 603, 609 (6th Cir. 1991)("question of whether a complaint states a cause of action or a claim for relief calls for a decision on the merits not for a determination of jurisdiction").

In this case, Plaintiffs have broadly alleged a violation of the FCRA and set it forth as a separate and independent cause of action. Furthermore, since Plaintiffs failed to cite to any particular section of the FCRA, it cannot easily be determined from the face of the Amended Complaint whether a private cause of action exists. While it may ultimately be determined that Plaintiffs have failed to state a claim upon which relief may be granted, the Court concludes that Plaintiffs' allegations are sufficient to confer federal question jurisdiction.[3] Since this case was properly removed, the Court may, therefore, go on to consider the issue of whether this case should be consolidated, in whole or in part, with Pitstick Farms, Inc., et al. v. CNH Capital Corp., et al., Case No. 2:04-cv-435, currently pending before Judge Sargus.

**B.     Consolidation and Remand**

As noted above, the Federal Rules of Civil Procedure provide:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). Plaintiffs urge the Court to consolidate this case in its entirety with Case No. 2:04-cv-435, currently pending before Judge Sargus and then to remand the consolidated case to the Madison County Court of Common Pleas. Defendants urge the Court to consolidate the claims against the Defendants-Case with Case No. 2:04-cv-435, but to remand the state law claims against the Sanders Defendants. They note that when a case has been removed based on federal question jurisdiction, the Court, "in its discretion, may remand all matters in which State

---

[3] Having decided that federal question jurisdiction exists, the Court need not address Defendants' alternative argument concerning diversity jurisdiction.

8

law predominates." 28 U.S.C. § 1441(c).

There is no doubt that judicial economy would be served by consolidating the instant action with Case No. 2:04-cv-435, currently pending before Judge Sargus. The two actions clearly involve common questions of law and fact. The Court therefore grants the parties' motions to consolidate the two cases. The undersigned judge will defer to Judge Sargus in ruling on the issue of whether any portion of the consolidated actions should be remanded to state court.

### III. Conclusion

For the reasons set forth above, the Court **GRANTS IN PART** Defendant Case Credit Corporation's motion to remand the state law claims against the Sanders Defendants and to consolidate the remainder of this case with Case No. 2:04-cv-435. (Record at 6). It also **GRANTS IN PART** Plaintiffs' motion to consolidate the two federal cases and to remand the consolidated case to state court. (Record at 16).

The instant case is hereby **CONSOLIDATED** for all further proceedings with Case No. 2:04-cv-435, currently pending before Judge Sargus. The undersigned judge defers to Judge Sargus on the issue of whether the consolidated cases should be remanded, in whole or in part, to the Madison County Court of Common Pleas.

**IT IS SO ORDERED.**


Date: May 16, 2005                    /s/ **John D. Holschuh**
                                      John D. Holschuh, Judge
                                      United States District Court